MR. CHIEF JUSTICE HASWELL,
concurring in part and dissenting in part:
I concur that summary judgment is improper. It is precluded by the existence of a genuine issue of material facts as to whether Malinak had knowledge of the title defects in question at the time he warranted the title to Novy.
I strenuously dissent from the holding that title insurance *78 companies have a duty to conduct a diligent search for title defects when they issue a commitment to insure a land title, that the seller has a right to rely thereon to that extent, and that an action for damages lies in favor of the seller for breach of that duty.
The purpose of a title search by a title insurance company is to determine the insurability of a land title, not defects of record therein. This is clear from the terms of the commitment:
“. . .The examination of the public records made by the Company. . .was made wholly for determining the insurability of the title. . .and not for reporting on the condition of the record.”
In my view, the majority have created a duty beyond the scope and coverage of the commitment. And additionally, they have created a right of reliance thereon out of thin air.